O9H1AMAP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4            v.                          24 Cr. 549 (KPF)

5   KOFI AMANKWAA,

6            Defendant.                  Plea
    ------------------------------x

7
                                         New York, N.Y.
8                                        September 17, 2024
                                         3:30 p.m.
9

10  Before:

11               HON. KATHERINE POLK FAILLA,

12                                       District Judge

13                       APPEARANCES

14
    DAMIAN WILLIAMS
15       United States Attorney for the
         Southern District of New York
16  BY:  ADAM Z. MARGULIES, ESQ.
         Assistant United States Attorney
17
    SPODEK LAW GROUP PC
18       Attorneys for Defendant
    BY:  TODD A. SPODEK, ESQ.
19

20  ALSO PRESENT:  GEORGE JOHNSON, Special Agent, HSI

21

22

23

24

25

O9H1AMAP

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, please state your name for

3     the record, beginning with the government.

4          MR. MARGULIES:  Good afternoon, your Honor.  Adam

5     Margulies for the government.  And I'm joined at counsel table

6     by HSI Special Agent George Johnson.

7          THE COURT:  Thank you to both of you.  Good afternoon

8     to both you.

9          Mr. Spodek, lovely to see you again, sir.

10         MR. SPODEK:  Nice to see you, your Honor.  Good

11    afternoon.  Todd Spodek for Mr. Kofi Amankwaa, who is present.

12         THE COURT:  Thank you very much.

13         Mr. Amankwaa, good afternoon to you, sir.

14         THE DEFENDANT:  Good afternoon.

15         THE COURT:  Please be seated, both of you.  Thank you.

16         Mr. Amankwaa, I'm Judge Failla, and I'm the judge to

17    whom this case has been assigned.  From looking at the docket

18    in this case, it is my understanding that there was a complaint

19    issued earlier, you were arrested on that complaint, and that

20    as a result of discussions between you and your attorney, of

21    course, and the United States Attorney's Office, it is your

22    wish today to do several things: first, sir, I understand that

23    you wish to waive indictment, which would allow the filing of

24    an information to be had in this case, and that information

25    would have the charge in this case, and in fact, it would be a

O9H1AMAP

1    charge of immigration fraud; I also understand that today, you

2    also wish to enter a plea of guilty to the charge in the

3    information.  Am I correct, sir?

4            THE DEFENDANT:  Yes, your Honor.

5            THE COURT:  Let us do this, please, because I'm aware

6    of the acoustics in the courtroom.  Mr. Spodek is going to

7    bring the microphone very close to you, and you're welcome to

8    be seated, because my bigger concern this afternoon is being

9    able to hear you, sir.  So he's going to adjust the microphone

10    so that I can, and I thank him in advance for that.

11            Sir, before I can accept your waiver, before I can

12    accept your guilty plea, I need to ask you a series of

13    questions.  I'm going to take a moment right now to explain to

14    you the purposes of these questions.  The first thing that I'd

15    like to confirm is that you're competent to enter a plea of

16    guilty or to waive indictment.  And when I use that term, what

17    I mean is that you can see and hear and understand what is

18    happening in this courtroom.  If I find that you're competent,

19    I'll review with you the rights that you have, and that you

20    would be able to waive; I will review with you the elements of

21    the offense and the penalties associated with the offense

22    charged in the information; and then, finally, I'll ask you

23    questions about what you did that makes you believe that you're

24    guilty of the offense.  What I'd like to emphasize at this

25    point, sir, is that the most important thing is that you

O9H1AMAP

1    understand what is happening.  If any of my questions is

2    unclear, please let me know so that I can ask a clearer

3    question.  And if at any time you'd like to take a break to

4    speak with your attorney, please let me know.  May we have that

5    understanding, sir?

6            THE DEFENDANT:  Yes, your Honor.

7            THE COURT:  Thank you.

8            Mr. Margulies, could I trouble you, sir, to move ever

9    so slightly to your right because I want to be sure I can see

10   everybody.  And I thank you so much.

11           All right.  Ms. Noriega, would you please swear in

12   Mr. Amankwaa.

13           THE DEPUTY CLERK:  Yes, your Honor.

14           Mr. Amankwaa, please stand and raise your right hand.

15           (Defendant sworn)

16           THE DEPUTY CLERK:  Thank you.  Please state your full

17   name for the record.

18           THE DEFENDANT:  Kofi Amankwaa.

19           THE DEPUTY CLERK:  Thank you.  Please be seated.

20           THE DEFENDANT:  Thank you.

21           THE COURT:  Mr. Amankwaa, the significance of my

22   placing you under oath is that if you were to answer any of the

23   questions that I'm about to ask you falsely, you can be

24   prosecuted for a separate offense that is commonly known as

25   perjury.  Do you understand that, sir?

O9H1AMAP

1                    THE DEFENDANT:  Yes, your Honor.

2                    THE COURT:  Thank you again, Mr. Spodek.

3                    Sir, how old are you?

4                    THE DEFENDANT:  I am 70 years.

5                    THE COURT:  70?  Okay.  Thank you, sir.

6                    THE DEFENDANT:  70.

7                    THE COURT:  How far did you go in school, sir?

8                    THE DEFENDANT:  Law school.

9                    THE COURT:  Was that here in the U.S. or somewhere

10    else?

11                    THE DEFENDANT:  In Ghana and the U.S., yes.

12                    THE COURT:  Ghana and the U.S.  Thank you.

13                    Sir, have you ever been treated or hospitalized for

14    any form of mental illness?

15                    THE DEFENDANT:  Your Honor, I'm currently under

16    treatment for alcohol abuse.

17                    THE COURT:  I see.  And is that treatment something

18    that involves counseling or medication or a combination of

19    both, or something else?

20                    THE DEFENDANT:  Your Honor, it's both.

21                    THE COURT:  I missed what you said, sir.

22                    THE DEFENDANT:  It's both.

23                    THE COURT:  It's both; it's counseling and medication.

24                    THE DEFENDANT:  Yes.

25                    THE COURT:  Have you taken a medication today in

O9H1AMAP

1    conjunction with that treatment that you're receiving?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  What is that medication, please, sir?

4              THE DEFENDANT:  I am currently on ten medications.

5              THE COURT:  On ten medications.

6              THE DEFENDANT:  Yes.

7              THE COURT:  I see.  You can either tell me what the

8    medications are or the conditions that you're taking them for,

9    if you, for example, have high blood pressure or something like

10   that.  Can you do that?

11             THE DEFENDANT:  First one would be high blood

12   pressure.

13             THE COURT:  Yes, sir.

14             THE DEFENDANT:  Cholesterol.

15             THE COURT:  Yes, sir.

16             THE DEFENDANT:  Tremors.

17             MR. SPODEK:  Tremors, your Honor.

18             THE DEFENDANT:  Tremors.

19             THE COURT:  Tremors, yes.  Thank you.

20             Okay.  Something else, sir?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  And perhaps you may have an assist from

23   the back?

24             And my thanks to those of you who are here in support

25   of Mr. Amankwaa.  Thank you very much.  Excuse me that I did

O9H1AMAP

1    not take the chance to acknowledge your presence.

2              THE DEFENDANT:  Something called tamsulosin for

3    prostrate.  I'm taking amlodipine for high blood pressure.  I'm

4    taking hydrochlorothiazide.  That's also for cholesterol.  And

5    fenofibrate.

6              THE COURT:  Fiber, sir?

7              THE DEFENDANT:  Fenofibrate.

8              THE COURT:  Oh, fenofibrate.  Okay.

9              THE DEFENDANT:  That's for GI.

10             THE COURT:  Yes, sir.

11             THE DEFENDANT:  Taking propanolol.

12             THE COURT:  For what condition, please, sir?

13             THE DEFENDANT:  Propanolol is for the tremors.

14             THE COURT:  For the tremors.

15             THE DEFENDANT:  Mm-hmm.  Taking escitalopram.

16             THE COURT:  Mr. Spodek, can I trouble you at the end

17   of this proceeding to give that list to the court reporter so

18   that she can check her transcriptions from what's on the list?

19             MR. SPODEK:  Yes, absolutely.

20             THE COURT:  Thank you very much.

21             And what is that particular medication for, please?

22             THE DEFENDANT:  Your Honor, all these are──that are

23   prescribed, prescription medications, and──yes, that's for

24   depression.

25             THE COURT:  Depression.  I see.

O9H1AMAP

1          Sir, have you taken these medications as prescribed?

2   For example, if you're told to take them each day, have you

3   taken them today?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Do these medications, either alone or in

6   combination, give you any difficulty seeing, hearing, or

7   understanding these proceedings this afternoon?

8          THE DEFENDANT:  No, your Honor.

9          THE COURT:  Sir, I was going to ask you earlier if you

10  were under the care of a doctor or a psychiatrist for any

11  condition, but I believe you've outlined those conditions for

12  me now.  Is there any condition that you have not mentioned to

13  me this afternoon that you believe should be called to my

14  attention?

15         THE DEFENDANT:  Your Honor, I——talking about my mental

16  health problems, which is the depression.

17         THE COURT:  Yes, sir.

18         THE DEFENDANT:  Okay.  Blood pressure and

19  associated——cholesterol and things like that.

20         (Mr. Spodek conferring with the defendant)

21         THE DEFENDANT:  No, that's all what I've mentioned to

22  you.

23         THE COURT:  I see.  Sir, apart from the medications

24  you've outlined for me, have you taken any drugs or medicine or

25  pills of any type in the last two days?

O9H1AMAP

1          THE DEFENDANT:  No, your Honor, apart from my doctor

2    prescribed medicines.

3          THE COURT:  Well, have you taken vitamins or

4    supplements or anything of that nature?

5          THE DEFENDANT:  I took vitamins.

6          THE COURT:  Okay.  May I understand that the vitamins

7    don't impair your ability to understand what's happening in

8    these proceedings?

9          THE DEFENDANT:  No, your Honor.

10          THE COURT:  They do not.

11          THE DEFENDANT:  Mm-mm.

12          THE COURT:  And sir, have you consumed any alcoholic

13    beverages in the past two days?

14          THE DEFENDANT:  No, your Honor.

15          THE COURT:  Is your mind clear this afternoon, sir?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  You understand what is happening in this

18    courtroom?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Mr. Spodek, have you had a sufficient

21    opportunity to discuss this case with your client?

22          MR. SPODEK:  Yes, your Honor.

23          THE COURT:  Do you believe he understands the rights

24    that he has and would be waiving if he were to waive indictment

25    and if he were to enter a plea of guilty?

O9H1AMAP

1          MR. SPODEK:  Yes, your Honor.

2          THE COURT:  Do you believe he understands and is

3     capable of understanding the nature of these proceedings?

4          MR. SPODEK:  Yes, your Honor.

5          THE COURT:  If your client wishes to waive indictment,

6     or wishes to plead guilty, do you believe him competent to do

7     so?

8          MR. SPODEK:  Yes, your Honor.

9          THE COURT:  Thank you, sir.

10          Mr. Margulies, if Mr. Amankwaa wishes to waive

11     indictment or wishes to plead guilty, do you believe him

12     competent to do so?

13          MR. MARGULIES:  Yes, your Honor.

14          THE COURT:  Thank you as well.

15          Mr. Amankwaa, having spoken with you now for a few

16     minutes this afternoon and having observed your answers to my

17     questions and your demeanor here in court, and having also had

18     the opportunity to speak with your attorney and the attorney

19     for the government, I find that you're fully competent to enter

20     a knowing, informed, and voluntary plea of guilty, if you wish

21     to do so, and also to waive indictment, if you wish to do so.

22          Sir, I've been given a series of documents, and I

23     believe your counsel has copies of them as well.  The first one

24     that I'll discuss with you says in the upper right-hand corner

25     Waiver of Indictment.  Your counsel has placed it in front of

O9H1AMAP

1    you and is pointing to it now.  I've marked the copy that I

2    have as Court Exhibit 1.  And I'm going to hold up the copy

3    that I have and ask you if you can see from where you're seated

4    that there are several signatures on this document.  Can you,

5    sir?

6            THE DEFENDANT:  Yes, your Honor.

7            THE COURT:  Is one of these signatures yours, sir?

8            THE DEFENDANT:  Yes, the top one.

9            THE COURT:  The top one.  And sir, did you sign this

10   document today in the presence of your attorney?

11           THE DEFENDANT:  Yes, your Honor.

12           THE COURT:  Before you signed this document did you

13   read it?

14           THE DEFENDANT:  I did, your Honor.

15           THE COURT:  And did you discuss it for as long as you

16   needed to with your attorney?

17           THE DEFENDANT:  Yes, your Honor.

18           THE COURT:  Sir, at the time that you signed this

19   document did you understand what it was doing, or what it

20   purported to do?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  You understand that you're under no

23   obligation to waive indictment.

24           THE DEFENDANT:  Yes, your Honor, I know.

25           THE COURT:  And do you understand that if you decided

O9H1AMAP

1   not to waive indictment and the government wanted to bring

2   charges against you, they would have to present those charges

3   to the grand jury; that grand jury might decide to indict you

4   and it might decide not to indict you on those charges?  Are

5   you aware of that?

6           THE DEFENDANT:  Yes, your Honor.

7           THE COURT:  Now, sir, I believe I understood from our

8   prior conversation that you are in fact a practicing attorney;

9   is that correct?

10          THE DEFENDANT:  That's correct, your Honor.

11          THE COURT:  Are you familiar with the concept of the

12  grand jury, sir, what it is and what purposes it serves?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Would you like me to provide any

15  additional or clarifying information about the grand jury?

16          THE DEFENDANT:  No, your Honor.

17          THE COURT:  Mr. Spodek, is there any reason why I

18  should not find——and yes, I phrased the question that way——why

19  I should not find that your client has knowingly and

20  voluntarily waived his right to be indicted by the grand jury?

21          MR. SPODEK:  No, your Honor.

22          THE COURT:  And Mr. Margulies, the same question, sir.

23  Do you know of any reason why I should not find that

24  Mr. Amankwaa has knowingly and voluntarily waived his right to

25  be indicted by the grand jury?

O9H1AMAP

1                MR. MARGULIES:  No, your Honor.

2                THE COURT:  All right.  Gentlemen, I thank you.  And

3      again, Mr. Amankwaa, having discussed this with you and

4      discussed it with the attorneys involved, I find that you have

5      knowingly and voluntarily waived your right to be indicted by

6      the grand jury.  I will authorize the filing of an information,

7      which I'll speak about in a moment.

8                Counsel, the version of the waiver form that I have

9      recites that it was done on September 16th, which is yesterday.

10     May I change the date, or was this in fact signed by you

11     yesterday?

12               MR. MARGULIES:  Your Honor, that was a typo.  You may

13     change the date.  Thank you.

14               THE COURT:  Thank you very much.  I am doing that on

15     the version that I have.  And I'll put my initials next to it.

16     Thank you.

17               Mr. Amankwaa, I'm going to ask you now, sir, to turn

18     to the document that says in the upper right-hand corner

19     Information.  And I believe your attorney has placed or is

20     going to place a copy of that document in front of you now.  Do

21     you see it, sir?

22               THE DEFENDANT:  Yes, your Honor.

23               THE COURT:  Have you read this document, sir?

24               THE DEFENDANT:  I have, your Honor.

25               THE COURT:  Would you like me to read this document

O9H1AMAP

1    into the public record of this case or do you waive its

2    reading?

3            THE DEFENDANT:  Your Honor, I waive the reading.

4            THE COURT:  Thank you.

5            Sir, I'm going to ask you a couple of questions about

6    your communications with your attorney, and I know you know

7    this, but I have to say it nonetheless.  I'm not asking for the

8    details of those communications.  I'm not asking you to waive

9    the attorney-client privilege.  I'm merely confirming that

10    certain topics were discussed.  Do you understand, sir?

11            THE DEFENDANT:  I do, your Honor.

12            THE COURT:  Sir, have you had a sufficient opportunity

13    to speak with your attorney about the charge in this

14    information to which you intend to plead guilty, and any

15    possible defenses you might have to that charge?

16            THE DEFENDANT:  I have, your Honor.

17            THE COURT:  And without giving me the details of those

18    communications, has your attorney explained to you the

19    consequences of entering a plea of guilty?

20            THE DEFENDANT:  Yes, your Honor.

21            THE COURT:  Are you satisfied with your attorney's

22    representation of you in this matter?

23            THE DEFENDANT:  I am, your Honor.

24            THE COURT:  Sir, what I'll do now is we'll put the

25    information to the side for a moment, and I'll talk about it in

O9H1AMAP

1    a moment, but I want to address now certain rights that you

2    have and that you would be waiving if you were to enter a

3    guilty plea.  I appreciate very much that you've been answering

4    my questions and thinking about the answers to those questions.

5    I also appreciate that you've been paying attention to these

6    proceedings.  Once again, if anything I say is confusing,

7    you'll please let me know.  May we have that understanding,

8    sir?

9                THE DEFENDANT:  Yes, your Honor.

10               THE COURT:  Under the Constitution and laws of the

11   United States, you have the right to plead not guilty to the

12   charge contained in the information.  Do you understand that,

13   sir?

14               THE DEFENDANT:  I do, your Honor.

15               THE COURT:  If you entered a plea of not guilty, you

16   would be entitled to a speedy and public trial by a jury on the

17   charge contained in the information.  Do you understand that,

18   sir?

19               THE DEFENDANT:  Yes, I do, your Honor.

20               THE COURT:  At a trial, you would be presumed to be

21   innocent, and the government would be required to prove you

22   guilty by competent evidence beyond a reasonable doubt before

23   you could be found guilty.  Do you understand that, sir?

24               THE DEFENDANT:  Yes, I do, your Honor.

25               THE COURT:  A jury of 12 people would have to agree

O9H1AMAP

1    unanimously that you were guilty of the offense charged in the

2    information.  You would not have to prove that you're innocent

3    of that charge.  Do you understand that, sir?

4              THE DEFENDANT:  I do, your Honor.

5              THE COURT:  At a trial and at every stage of your

6    case, you are entitled to be represented by an attorney.  If

7    and to the extent that you cannot afford an attorney, one would

8    be appointed for you at public expense, free of cost to you, in

9    order to represent you.  Do you understand that, sir?

10              THE DEFENDANT:  Yes, your Honor.

11              THE COURT:  If there were a trial in this case, the

12    witnesses for the government would have to come into court and

13    testify in your presence.  Your attorney could object to the

14    government's witnesses, he could cross-examine the government's

15    witnesses, he could actually object more broadly to the

16    government's evidence, he could offer evidence on your behalf

17    if you wanted him to do so.  You would also have the right to

18    have subpoenas or other documents or process issued in order to

19    compel witnesses to testify in your defense.  Do you understand

20    that, sir?

21              THE DEFENDANT:  Yes, I do, your Honor.

22              THE COURT:  At a trial, you would have the right to

23    testify if you wanted to do so; you would also have the right

24    not to testify if you wanted not to do so.  If you chose not to

25    testify, no one, including the jury, could draw any inference

O9H1AMAP

1    or suggestion of guilt from your decision not to testify.  Do

2    you understand that, sir?

3             THE DEFENDANT:  Yes, your Honor.

4             THE COURT:  Another consequence of entering a guilty

5    plea in this particular matter is that you waive or give up

6    your right to seek suppression or exclusion of the government's

7    evidence against you.  Are you aware of that, sir?

8             THE DEFENDANT:  Yes, your Honor.

9             THE COURT:  Have you had a full opportunity to speak

10   with your attorney about whether there is a basis to seek

11   suppression or exclusion of part or all of the government's

12   evidence against you?

13            THE DEFENDANT:  Yes, your Honor.

14            THE COURT:  Do you understand, sir, that if you are

15   convicted at trial, you would have the right to appeal from the

16   jury's verdict?

17            THE DEFENDANT:  Yes, your Honor.

18            THE COURT:  Do you also understand, sir, that even

19   now, as you're entering this guilty plea, you have the right to

20   change your mind and to enter a plea of not guilty to the

21   information in this case?

22            THE DEFENDANT:  I do, your Honor.

23            THE COURT:  If you plead guilty and if I accept your

24   guilty plea, you will give up your right to trial and the other

25   rights that I've been discussing with you, other than your

O9H1AMAP

1    right to an attorney.  You have the right to an attorney

2    whether you plead guilty or go to trial.  But if you plead

3    guilty and if I accept your guilty plea, there will be no

4    trial, I will enter a judgment of guilty on Count One of this

5    information, and I will sentence you at a later date based on

6    information that I obtain from you here this afternoon,

7    information that I obtain from the United States Probation

8    Office in a document known as a presentence investigation

9    report, and information that I obtain from you and from your

10   attorney and from the attorneys for the government in

11   connection with sentencing.  If you plead guilty and if I

12   accept your plea, there would be no appeal on the issue of

13   whether the government could use the evidence that it has

14   against you.  There would also be no appeal on the issue of

15   whether you committed the conduct to which you admit in your

16   guilty plea.  Do you understand each of those things, sir?

17            THE DEFENDANT:  Yes, your Honor.

18            THE COURT:  Please also understand that if you plead

19   guilty, there is a degree to which you will have to give up

20   your right not to incriminate yourself, and that is because I

21   will ask you questions later in this proceeding in order to

22   confirm for myself that you are in fact pleading guilty because

23   you are guilty of this offense and not for some other reason.

24   You will have to admit and acknowledge your guilt of the

25   offense.  Do you understand that, sir?

O9H1AMAP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you understand each of the rights that

3    I've been discussing with you, sir?

4          THE DEFENDANT:  Yes, I do, your Honor.

5          THE COURT:  And would you like me to provide any

6    additional or clarifying information about any of those rights?

7          THE DEFENDANT:  No, your Honor.

8          THE COURT:  Is it your wish, sir, to give up your

9    right to trial and the other rights that I've been discussing

10   with you and to enter a plea of guilty to Count One of the

11   information?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  That count, sir, charges you with

14   immigration fraud, in violation of §§ 1546(a) and 2 of Title 18

15   of the United States Code.  Do you understand that that is the

16   charge to which you are proposing to plead guilty, sir?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  I'm going to ask for your attention, and I

19   will pay attention as well.  I'm going to ask Mr. Margulies to

20   outline for both of us the elements of this offense.  Thank

21   you, sir.

22         MR. MARGULIES:  Thank you, your Honor.

23         The information charges the defendant with immigration

24   fraud, as your Honor said, in violation of 18 U.S.C. 1546(a)

25   and 18 U.S.C. 2.  In order to prove the defendant guilty, the

O9H1AMAP

```
1    government would be required to prove the following elements

2    beyond a reasonable doubt:

3            First, the defendant made or subscribed as true a

4    false statement;

5            Second, the defendant acted with knowledge that the

6    statement was false;

7            Third, the statement was material to the activities or

8    decisions of immigration officials;

9            Fourth, the statement was made under oath or penalty

10   of perjury; and

11           Fifth, the statement was made on an application or

12   other document required by immigration laws or regulations.

13           And finally, your Honor, the government would also be

14   required to prove by a preponderance of the evidence that venue

15   is appropriate in the Southern District of New York.

16           THE COURT:  Thank you, sir.

17           Mr. Amankwaa, were you able to hear the prosecutor

18   just now?

19           THE DEFENDANT:  Yes, your Honor.

20           THE COURT:  Do you understand, sir, that if you were

21   to proceed to trial, that is what the government would have to

22   prove at that trial?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Do you understand that?

25           THE DEFENDANT:  Yes, your Honor.
```

O9H1AMAP

1          THE COURT:  Thank you.  Sir, let me do this then.  I'm

2     going to talk to you about the penalties that are associated

3     with this offense.  And I'm going to begin by talking about the

4     maximum possible penalties that the law permits me to impose.

5     In doing that, sir, of course I don't mean to suggest that this

6     is necessarily what you're going to receive, but I do want you

7     to understand that by entering a plea of guilty, you're

8     exposing yourself to the possibility of receiving any

9     combination of punishments up to the statutory maximum terms

10     that I'm about to describe.  Do you understand that, sir?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  I'll begin with possible restrictions on

13     your liberty.

14          The maximum term of imprisonment for this offense is

15     ten years.  Do you understand that, sir?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Any term of imprisonment that I impose

18     could be followed by a term of up to three years of supervised

19     release.  Do you understand that, sir?

20          THE DEFENDANT:  I do understand.

21          THE COURT:  Let me make sure we have the same

22     understanding of supervised release.  When I use the term, what

23     I mean is a period of time where you are subject to supervision

24     by the United States Probation Office.  There would be terms

25     and conditions of supervised release that you would have to

O9H1AMAP

1    follow, and if you were unable or unwilling to follow those

2    terms and conditions of supervised release, the possibility

3    exists that your term of supervised release could be revoked,

4    you could be sent to prison without a jury trial to serve

5    additional jail time, and if that were the case, you wouldn't

6    get any credit for any prior term of imprisonment and you

7    wouldn't get any credit for that period of time where you were

8    on supervised release in compliance with its terms.  Do you

9    understand each of those things, sir?

10            THE DEFENDANT:  Yes, your Honor.

11            THE COURT:  Please also understand that there is no

12   parole in the federal system.  If you are sentenced to a term

13   of imprisonment, you would not be released early on parole.

14   There are opportunities to earn credits against your sentence,

15   including what is most typical, which is credits for good

16   behavior, but I generally tell defendants that they should

17   expect to serve at least 85 percent of any term of imprisonment

18   imposed.  Do you understand that, sir?

19            THE DEFENDANT:  Yes, your Honor.

20            THE COURT:  There are also certain possible financial

21   penalties.  The maximum allowable fine in this case is the

22   greatest of these three things: $250,000, twice the gross

23   pecuniary gain derived from the offense, or twice the gross

24   pecuniary loss to persons other than yourself.  I can order

25   restitution to any person or entity injured as a result of your

O9H1AMAP

1  criminal conduct, and it is my understanding that the parties

2  have calculated—am I correct—a restitution figure of

3  $16,503,425?  Do I have that correct, counsel?

4              MR. MARGULIES:  Yes, your Honor.

5              THE COURT:  All right.  Mr. Spodek?

6              MR. SPODEK:  Yes, your Honor.

7              THE COURT:  I'm happy to know that I can read, sir.

8  Thank you.

9              I can also order you to forfeit any proceeds that you

10 may have derived from the offense or any property that you may

11 have used to commit or to facilitate the commission of this

12 offense, and it is my understanding that you are agreeing to

13 enter into a consent preliminary order of forfeiture, or money

14 judgment, in the amount of $13,389,000.

15             In addition to all of those things, sir, I must impose

16 a $100 mandatory special assessment per count of conviction.

17             So do you understand that these potential restrictions

18 on your liberty and these potential financial penalties are the

19 maximum possible penalties that the law permits me to impose?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Mr. Amankwaa, I have to ask you a series

22 of questions.  My experience has been that not all questions

23 apply to all people, and yet I have to ask them nonetheless, so

24 I will do that now.

25             Sir, are you a United States citizen?

O9H1AMAP

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  And were you born here, sir, or

3    naturalized?

4              THE DEFENDANT:  I'm naturalized, your Honor.

5              THE COURT:  And when approximately was that, sir?

6              THE DEFENDANT:  In August 1997.

7              THE COURT:  In certain circumstances a guilty plea can

8    have adverse immigration consequences for individuals who are

9    not citizens.  It may result in immigration detention or

10   removal from the United States.  In certain circumstances it

11   may result in denaturalization.  My question for you, sir, is:

12   Have you discussed the possibility of immigration consequences

13   as a result of this guilty plea with your attorney?

14             THE DEFENDANT:  I have, your Honor.

15             THE COURT:  And after those discussions, it is still

16   your wish to proceed with a plea of guilty.

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Sir, do you also understand that as a

19   result of this guilty plea, you could lose valuable civil

20   rights, to the extent you have them today or could obtain them

21   in the future?  These would include the right to vote, the

22   right to serve on a jury, the right to hold public office, and

23   the right to possess a firearm.  Are you aware of that, sir?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Mr. Amankwaa, at this time are you serving

O9H1AMAP

1    any other sentence, state or federal?

2                THE DEFENDANT:  No, your Honor.

3                THE COURT:  At this time, to the best of your

4    knowledge, are you being investigated or prosecuted by any

5    authority other than the prosecutors here?

6                THE DEFENDANT:  Your Honor, I have a civil suit

7    against me by the State of New York.

8                THE COURT:  I see.  And I appreciate knowing that.

9    And I'll explain to you why I asked the question.  Resolving

10   the case before me resolves the case before me.  To the extent

11   that there are parallel proceedings in other courts, other

12   administrative bodies, the resolution of this case may or may

13   not impact those cases.  Are you aware of that, sir?

14               THE DEFENDANT:  Yes, your Honor.

15               THE COURT:  What I'll do now is talk to you very

16   briefly about the process of sentencing.

17               First of all, may I confirm, have you spoken with your

18   attorney about the process of sentencing?

19               THE DEFENDANT:  Yes, your Honor.

20               THE COURT:  And do you understand that at sentencing,

21   the sentencing judge, who I expect will be me, will be asked to

22   consider a series of statutory factors, known as 3553(a)

23   factors, in order to impose an appropriately individualized

24   sentence in your case?  Are you aware of that, sir?

25               THE DEFENDANT:  Yes, your Honor.

O9H1AMAP

1          THE COURT:  One of those factors is called the United

2    States Sentencing Guidelines.  Is that a term you've heard

3    before?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  If I use the term "guidelines" or

6    "sentencing guidelines," that's what I'm referring to.  May we

7    have that understanding?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Sir, if anyone has attempted to predict

10    for you what your ultimate sentence could be, their prediction

11    could be incorrect.  As I mentioned a moment ago, I expect that

12    I will be the sentencing judge in this case.  I don't have all

13    of the information that I need.  I need to hear from you today,

14    I need to hear from the probation office, I need to hear from

15    you, your attorney, and the attorneys for the government at

16    sentencing.  So do you understand that today, no one can

17    predict with any confidence what your ultimate sentence will

18    be?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Do you also understand that even if your

21    sentence is different from what anyone might have said to you,

22    even if it is different from what you hoped for, even if it is

23    different from any communication you may have received from the

24    government, you would still be bound by your guilty plea and

25    you would not be permitted to withdraw your guilty plea based

O9H1AMAP

1    merely on dissatisfaction with your sentence?  Are you aware of

2    that, sir?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  It is my understanding that you're

5    entering a plea of guilty today pursuant to a written plea

6    agreement with the government.  Am I correct, sir?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  And sir, I've been given a letter.  This

9    letter is dated August 12th of 2024.  And it's from the United

10   States Attorney's Office for the Southern District of New York

11   to Mr. Spodek.  It references your name.  Do you have a copy of

12   that letter in front of you, sir?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Is that letter your written plea agreement

15   in this case?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Sir, I'm marking my copy as Court

18   Exhibit 2, and at the end of this proceeding, I'm going to give

19   my copy to the government to keep safe.

20             I am turning to what for me is page 6 of the document,

21   and I'm going to hold it up and ask you if you're able to see

22   it from where you're seated.  Are you, sir?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  There are several electronic signatures on

25   this document.  Would you agree with me that that's the case,

O9H1AMAP

1    sir?

2           THE DEFENDANT:  Yes, your Honor.

3           THE COURT:  One of them recites to be yours as a

4    digital signature that was made or placed on this document on

5    or about August 16th of 2024; is that correct, sir?

6           THE DEFENDANT:  That's correct, your Honor.

7           THE COURT:  Before you signed this document, did you

8    read it?

9           THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Did you have whatever discussions you

11    needed to have with your attorney in order to understand the

12    document?

13          THE DEFENDANT:  I did, your Honor.

14          THE COURT:  So at the time you signed the document,

15    did you understand what you were agreeing to?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  I'd like to review several provisions with

18    you, sir, and I will do that now.

19         I'll ask you please to turn to page 1.  And I see that

20    you're there now.

21         I am looking at the last paragraph on page 1, which

22    carries over onto page 2.  And it is my understanding that in

23    this paragraph, you're admitting to the forfeiture allegation

24    that is associated with Count One of the information and that

25    you are agreeing to forfeit to the United States a sum of money

O9H1AMAP

1    equal to $13,389,000 as proceeds traceable to the commission of

2    the offense.  Is that correct, sir?

3            THE DEFENDANT:  That's correct, your Honor.

4            THE COURT:  And so just to be very technical, and I

5    will for a moment, are you admitting to the forfeiture

6    allegation that is associated with Count One, sir?

7            THE DEFENDANT:  Yes, your Honor.

8            THE COURT:  On the next page, which is for me page 2,

9    I see in the first full paragraph that you're also agreeing to

10   make restitution in the amount of $16,503,425; is that correct,

11   sir?

12           THE DEFENDANT:  Yes, your Honor.

13           THE COURT:  Sir, on the remainder of this page and

14   carrying over onto page 3, it is my understanding that you and

15   the government have stipulated or agreed that the sentencing

16   guidelines apply to your case in a particular way.  Is that

17   your understanding as well, sir?

18           THE DEFENDANT:  Yes, your Honor.

19           THE COURT:  And in particular, you and the government

20   are stipulating to a guidelines range of 70 to 87 months'

21   imprisonment.  Is that your understanding as well, sir?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Please understand that I have an

24   independent obligation to calculate the guidelines.  This is

25   not to say that I'm going to come up with a different number,

O9H1AMAP

|  | but first of all, I do have that independent obligation, and |
| 1 | |
| 2 | second of all, if I correctly calculate the guidelines and come |
| 3 | up with a different range, that would not be a basis for you to |
| 4 | withdraw your guilty plea.  Do you understand that, sir? |
| 5 | THE DEFENDANT:  Yes, I do. |
| 6 | THE COURT:  At this time I'm turning to page 4.  I'll |
| 7 | ask you to turn to page 4 as well, and you'll let me know when |
| 8 | you're there, sir. |
| 9 | THE DEFENDANT:  Yes. |
| 10 | THE COURT:  Thank you. |
| 11 | I'm looking at the last paragraph on this page, and it |
| 12 | begins with the words, "It is agreed."  Do you see that |
| 13 | paragraph, sir? |
| 14 | THE DEFENDANT:  Yes, your Honor. |
| 15 | THE COURT:  This paragraph, as I understand it, is a |
| 16 | collection of waivers that you and the government are entering |
| 17 | into.  In particular, sir, you are waiving your right to file a |
| 18 | direct appeal or to file a collateral challenge, such as |
| 19 | through a petition under Section 2255, of certain aspects of |
| 20 | your conviction; is that correct? |
| 21 | THE DEFENDANT:  That's correct, your Honor. |
| 22 | THE COURT:  Let me talk to you about the specifics. |
| 23 | I first understand that you're waiving the right to |
| 24 | challenge the conviction based on a nonjurisdictional defect in |
| 25 | the proceedings before the entry of this plea, a claim that the |

O9H1AMAP

statute to which you're pleading guilty is unconstitutional, or

a claim that the conduct to which you admit does not fall

within the scope of the statute.  Are you waiving that right,

sir, or those rights?

THE DEFENDANT:  Yes, your Honor, I do.

THE COURT:  I also understand that you're agreeing not

to appeal or to otherwise challenge any sentence within or

below the stipulated guidelines range of 70 to 87 months'

imprisonment.  So if I were to impose a term of 87 months'

imprisonment or something less than that, you're agreeing not

to appeal that piece of your sentence; is that correct, sir?

THE DEFENDANT:  That's correct, your Honor.

THE COURT:  I also understand you're agreeing not to

appeal or to otherwise challenge any term of supervised release

that is less than or equal to the statutory maximum term of

three years.  So if I were to impose a term of three years of

supervised release or something less than that, you're agreeing

not to appeal or to otherwise challenge that piece of your

sentence; is that correct?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  I also understand you're agreeing not to

appeal or to otherwise challenge any special condition or

condition of supervised release for which you had notice and an

opportunity to object; is that also correct, sir?

THE DEFENDANT:  That's correct, your Honor.

O9H1AMAP

1          THE COURT:  I see as well that you're agreeing not to

2   appeal or to bring a collateral challenge of any fine that is

3   less than or equal to $250,000, any forfeiture figure that is

4   less than or equal to $13,000,389, any restitution figure that

5   is less than or equal to $16,503,425, or any special assessment

6   that is less than or equal to $100.  Is that correct, sir?

7          THE DEFENDANT:  That's correct, your Honor.

8          THE COURT:  Mr. Spodek, are there additional

9   provisions of this agreement that you would like me to call to

10  your client's attention?

11         MR. SPODEK:  No, your Honor.

12         THE COURT:  Mr. Margulies, are there additional

13  provisions in this agreement that you would like me to call to

14  Mr. Amankwaa's attention?

15         MR. MARGULIES:  No, your Honor.

16         THE COURT:  All right.  Mr. Amankwaa, let me then ask

17  you some broader questions.

18         We've been talking about this letter from the

19  government of August 12th for a few minutes now, this plea

20  agreement.  Sir, does this document contain the entirety of

21  your agreement with the government?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  I'm going to ask the question from the

24  opposite perspective, just to be thorough.  To the best of your

25  knowledge, has anything been left out of this agreement?

O9H1AMAP

1              THE DEFENDANT:  No, your Honor.

2              THE COURT:  Other than what is contained in this plea

3     agreement, has anyone made you any promise in order to get you

4     to sign this agreement or to enter a plea of guilty here today?

5              THE DEFENDANT:  No, your Honor.

6              THE COURT:  Has anyone forced you or threatened you to

7     get you to sign this agreement or to plead guilty here today?

8              THE DEFENDANT:  No, your Honor.

9              THE COURT:  Has anyone made any promise to you as to

10    what your ultimate sentence will be?

11             THE DEFENDANT:  No, your Honor.

12             THE COURT:  Counsel, I've been advised by my deputy

13    that we have gotten a docket number for this particular case.

14    It is 24 Cr. 549, just for your records.

15             Mr. Amankwaa, at this time I'd like you to tell me,

16    please, in your own words what it is you did that makes you

17    believe that you are guilty of this offense.  And before we

18    begin, let me ask you if you have notes to aid you in speaking

19    with me this afternoon.

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Are the thoughts in the notes your

22    thoughts, sir?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Then I will hear you at this time.  And to

25    the extent that you are choosing to read from them, I would ask

O9H1AMAP

1    you to read slower and louder than you think you need to, just

2    so that we're able to hear you.  Thank you, sir.

3              THE DEFENDANT:  Thank you, your Honor.

4              On September 2016, through November 2023, I worked as

5    a licensed New York immigration lawyer in the Bronx.

6              THE COURT:  If I could ask you to just be a little bit

7    slower, please, sir, that sentence.

8              THE DEFENDANT:  I filed false Form I-360, Violence

9    Against Women Act petitions——

10             THE COURT:  You may continue.

11             THE DEFENDANT:  ——alleging that my clients were abused

12   by their U.S. citizen children.  I signed the petitions under

13   the penalty of perjury as the attorney-preparer, knowing the

14   information was wrong.  I did this to fraudulently obtain legal

15   permanent resident status on behalf of my clients.  I knew this

16   was illegal, and I take full responsibility for my actions.  I

17   am sorry.

18             THE COURT:  Mr. Spodek, do you know of any valid

19   defense that would prevail at trial or any reason why your

20   client should not be permitted to plead guilty?

21             MR. SPODEK:  No, your Honor.

22             THE COURT:  Mr. Margulies, are there additional

23   questions that you would like me to ask of Mr. Amankwaa?

24             MR. MARGULIES:  No, your Honor.

25             THE COURT:  Could you tell me, at a very high level,

O9H1AMAP

1    the types of evidence that would be introduced at trial if

2    there were to be a trial in this case.

3            MR. MARGULIES:  Certainly, your Honor.

4            If there were a trial in this case, the government

5    would offer evidence, including, among other things, the

6    following: immigration records for the defendant's clients,

7    including, among other things, numerous Violence Against Women

8    Act petitions, falsely stating that the petitioners were abused

9    by their U.S. citizen children, or another close family member,

10   and including the defendant's signature as the preparer of the

11   forms, with the preparer certification falsely stating, under

12   penalty of perjury, that the defendant prepared the petitions

13   at his client's request and that the client had reviewed the

14   completed petition and informed the defendant that all of the

15   information on the form was true; witness testimony, including,

16   among other witness testimony, that of former clients of the

17   defendant stating that they had not in fact requested the

18   defendant to complete the VAWA petitions, they had not reviewed

19   the VAWA petitions, the pages of which they were directed to

20   sign, they were not informed of the contents of the petitions

21   before signing, and they had not in fact been abused by their

22   child or close family member or told the defendant that they

23   had been; briefly, your Honor, a recording of the defendant

24   discussing his commission of the VAWA fraud with a client after

25   the client found out about the fraudulent VAWA petition and

O9H1AMAP

1    confronted the defendant; receipts, business cards, and other

2    law office documents obtained from former clients of the

3    defendant; data generated by the United States Citizenship and

4    Immigration Services reflecting the number of VAWA petitions

5    and other documents filed by the defendant; and subpoena

6    returns, including from banks and financial services companies.

7             THE COURT:  Sir, thank you very much.

8             Mr. Amankwaa, were you able to hear the prosecutor

9    just now?

10            THE DEFENDANT:  Yes, your Honor.

11            THE COURT:  Sir, my question is:  Do you understand

12   that if you were to proceed to trial, what Mr. Margulies just

13   listed for me would be part or all of the government's evidence

14   at that trial?  Do you understand that, sir?

15            THE DEFENDANT:  Yes, I do, your Honor.

16            THE COURT:  Mr. Spodek, do you agree that there is a

17   sufficient factual predicate for a guilty plea to Count One in

18   this case?

19            MR. SPODEK:  Yes, your Honor.

20            THE COURT:  If your client wishes to enter a plea of

21   guilty, any reason why I should reject it?

22            MR. SPODEK:  No, your Honor.

23            THE COURT:  Mr. Margulies, the same two questions:  Is

24   there a sufficient factual predicate, in the government's

25   estimation, for a guilty plea to Count One in this case?

O9H1AMAP

1            MR. MARGULIES:  Yes, your Honor.

2            THE COURT:  If Mr. Amankwaa wishes to plead guilty, is

3     there any reason why I should reject his guilty plea?

4            MR. MARGULIES:  No, your Honor.

5            THE COURT:  Mr. Amankwaa, at this time do you wish to

6     enter a plea of guilty to Count One of Information 24 Cr. 549?

7            THE DEFENDANT:  Yes, your Honor.

8            THE COURT:  Sir, because you've acknowledged that you

9     are in fact guilty as charged in Count One of this information,

10    because I'm satisfied that you know of your rights, including

11    your right to go to trial, because I'm satisfied that you're

12    aware of the elements of the offense, and the penalties

13    associated with it, I find that you are knowingly and

14    voluntarily pleading guilty.  I will enter a judgment of guilty

15    on Count One of this information.

16            As I understand it, sir, the next phase of this case

17    will be that of sentencing.  The probation office will want to

18    interview you in connection with the presentence investigation

19    report you heard me refer to earlier.  I'm going to order that

20    that interview not take place unless your attorney or someone

21    from his office is present in person or virtually with you for

22    that interview.  Do you understand that, sir?

23            THE DEFENDANT:  Yes, your Honor.

24            THE COURT:  Please also understand, Mr. Amankwaa, that

25    I rely very heavily on the presentence investigation report in

O9H1AMAP

1    determining what is an appropriate sentence.  That report is

2    most useful to me when it is complete and when it is accurate,

3    and so if you choose to say something to the probation office,

4    I'd ask you to ensure that what you're saying is complete and

5    accurate.  And please also know, sir, that you have a right to

6    review the presentence investigation report before I ever see

7    it.  I invite you to do that in case there's something in the

8    report that requires correction or objection.  Do you

9    understand that, sir?

10            THE DEFENDANT:  Yes, your Honor.

11            THE COURT:  Ms. Noriega, may I please have a

12   sentencing date.

13            THE DEPUTY CLERK:  December 18th at 3:30 p.m.

14            THE COURT:  Is that a date and time that works for the

15   government?

16            MR. MARGULIES:  Yes, your Honor.

17            THE COURT:  Is that a date and time that works for the

18   defense?

19            MR. SPODEK:  Yes, your Honor.

20            THE COURT:  All right.  Let me please ask the

21   government to send its factual statement to the probation

22   office in the next week or so.

23            Mr. Spodek, if you or your office could reach out to

24   the probation office in the next two weeks or so to set up an

25   interview, I would appreciate that.

O9H1AMAP

1          I'd like the defense sentencing submission two weeks

2     in advance of sentencing, and the government's responsive

3     submission one week in advance of sentencing.

4          And let me ask, I know bail was set at the time of the

5     presentment.  Is it the parties' contemplation that the bail

6     conditions will continue as they are?

7          MR. MARGULIES:  Yes, your Honor.

8          THE COURT:  All right.  Mr. Spodek, given that, may I

9     address your client directly about it?

10          MR. SPODEK:  Yes, of course, your Honor.

11          THE COURT:  Thank you.

12          Mr. Amankwaa, bail was set for you at an earlier stage

13     of this case.  The conditions that were set continue to apply.

14     I don't want you to think that just because you pleaded guilty,

15     you no longer have any obligations to the pretrial services

16     office.  You do.  And so please continue to comply with those

17     obligations.

18          I also want you to know, sir, that anytime I order you

19     to appear in this courthouse, you have to appear in this

20     courthouse.  I've just set sentencing down for December 18th,

21     but any time that I order you to appear, you have to appear.

22     If you do not appear, sir, you could be prosecuted for a

23     separate offense that is commonly known as bail jumping.  Do

24     you understand that, sir?

25          THE DEFENDANT:  Yes, your Honor.

O9H1AMAP

1          THE COURT:  So may I have an understanding from you

2     that you will continue to comply with your pretrial release

3     conditions?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  May I also understand that you will appear

6     in court if I order you to appear?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  All right.  I thank you very much.

9          Mr. Margulies, I was given several documents in

10    preparation for this proceeding, as I mentioned in the course

11    of this proceeding.  It is my present intention to enter the

12    consent preliminary order of forfeiture, but not the

13    restitution order, which I understand we're holding till

14    sentencing; am I correct?

15         MR. MARGULIES:  That is correct, your Honor.  And just

16    one other matter, briefly.

17         THE COURT:  Yes, sir.

18         MR. MARGULIES:  Although the defendant has made

19    certain waivers with respect to the discovery that he's

20    entitled to by pleading preindictment pursuant to a plea

21    agreement, because this is Mr. Amankwaa's first appearance on

22    an information, the Court could enter a Rule 5(f) order.

23         THE COURT:  Rule 5(f) order.  Thank you.  Excuse me

24    for not doing that.  Just while you're standing, let me do that

25    with you now.

O9H1AMAP

1    After this proceeding ends, I will enter the written

2    order on the record, but let me confirm this.  You are

3    familiar, sir, perhaps, with the amended Rule 5(f).

4    MR. MARGULIES:  Yes, your Honor.

5    THE COURT:  And you are aware that in this first

6    proceeding, it is my obligation to confirm with you that the

7    government is aware of its disclosure obligations under various

8    statutes and cases, that it is aware of the continuing nature

9    of those obligations for both the prosecutor and members of the

10   prosecution team, and that it is aware of the consequences of

11   noncompliance with those obligations.

12   MR. MARGULIES:  Yes, your Honor.

13   THE COURT:  All right.  I thank you very much.  I

14   appreciate knowing that.  And yes, we will enter such an order.

15   From the government's perspective, sir, is there

16   anything else that I have omitted doing today?

17   MR. MARGULIES:  No, your Honor.

18   THE COURT:  Thank you.  And Agent Johnson, thank you

19   for being here this afternoon.

20   OFFICER JOHNSON:  Thank you.

21   THE COURT:  All right.  Mr. Spodek, from your

22   perspective and your client's perspective, sir, is there

23   anything else we should be doing today?

24   MR. SPODEK:  No.  Nothing further, Judge.

25   THE COURT:  All right.  Thank you all very much.

O9H1AMAP

1              If I could ask you please to share that list with the

2      court reporter so that we have accurate information.

3              MR. SPODEK:  Yes, your Honor.

4              THE COURT:  We're adjourned.  Thank you.

5              THE DEPUTY CLERK:  All rise.

6                              o0o

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25