

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, NY 10278*

May 27, 2025

**BY ECF AND EMAIL**
Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007



Re:   *United States v. Kofi Amankwaa*, 24 Cr. 549 (KPF)

Dear Judge Failla:

The Government respectfully requests, with the consent of the defendant, a one-week extension of the 90-day period under 18 U.S.C. § 3664(d)(5) for ordering restitution in this matter.

By way of background, on February 26, 2025, this Court sentenced the defendant to 70 months' imprisonment, to be followed by three years' supervised release, and imposed forfeiture in the amount of $13,389,000. (Dkt. 50.) The defendant also agreed, as part of his plea agreement, to pay restitution in the amount of $16,503,425. (*See* PSR ¶¶ 5, 54.) At the Government's request, however, the Court postponed entering a restitution order to allow the Government additional time to collect information regarding the victims' losses. Under 18 U.S.C. § 3664(d)(5), the Court had 90 days—or until today, May 27, 2025—to enter the restitution order, absent an extension.

The Government has been working diligently to compile information regarding the losses incurred by individual victims, who are numerous and not readily locatable. Late last week, the Government sent a proposed consent restitution order and sealed schedule of victims to the defense. While the defendant has to date not raised any concerns regarding the proposed order—which reflects the same restitution amount agreed upon by the parties—or the schedule of victims, the Government is still awaiting the defendant's signature on the proposed order.

[*Remainder of Page Left Intentionally Blank*]

Accordingly, the Government respectfully requests, with the consent of the defendant, that the Court extend the 90-day deadline by one week, to Tuesday, June 3, 2025. Such an extension would not prejudice the defendant, but instead would facilitate the defendant's ongoing review of the proposed order and the Court's review of the same. *See, e.g.*, *United States v. Gupta*, 925 F. Supp. 2d 581, 584 (S.D.N.Y. 2013) ("Such an extension beyond the ninety-day statutory period is permitted where, as here, the extension causes no actual prejudice to the defendant" (citing *United States v. Douglas*, 525 F.3d 225, 252–53 (2d Cir.2008)), *aff'd*, 747 F.3d 111 (2d Cir. 2014).

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____
Adam Z. Margulies
Assistant United States Attorney
(212) 637-2345

Cc: Todd Spodek, Esq. (by ECF and email)

```
Application GRANTED.

The Clerk of Court is directed to terminate the pending motion at
docket entry 55.

Dated:    May 27, 2025              SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE